**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RONNY PADEN, | Civil Action No. 25-19064 (JXN)(MAH) |
| Plaintiff, | |
| v. | |
| | **OPINION** |
| ALYCIA LEWIS, | |
| Defendant. | |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Ronny Paden's ("Plaintiff") civil rights Complaint ("Complaint") filed pursuant to 42 U.S.C. § 1983 (ECF No. 1) and an application to proceed *in forma pauperis* ("IFP") (ECF Nos. 1-1, 1-2). The Court **grants** Plaintiff leave to proceed IFP and orders the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated herein, Plaintiff's claims are **dismissed** for failure to state a claim on which relief may be granted.

I.    **<u>BACKGROUND</u>**[1]

Plaintiff, a prisoner confined in Bayside State Prison ("Bayside") in Leesburg, New Jersey, filed a Complaint against Defendant Alycia Lewis ("Lewis"), the Administrator at Bayside. (*See* Compl. ¶ 4, ECF No. 1.) The Court construes the Complaint as raising an Eighth Amendment conditions of confinement claims against Lewis. (*See id.* ¶¶ 26–31.)

According to the Complaint, heat, humidity, and a lack of proper ventilation at Bayside have created conditions that violate Plaintiff's Eighth Amendment rights. (*Id.* ¶ 7.) Plaintiff claims that, although the cells at Bayside have windows, they have a limited number of exhaust fans. (*Id.* ¶ 8.) Plaintiff submits that many exhaust fans are dirty and missing necessary components. (*Id.* ¶¶ 8–9.) Additionally, some of the windows are broken and do not open. (*Id.* ¶ 10.)

The showers adjoin the housing units and are "typically set to hot." (*Id.* ¶ 8.) When inmates want to take cold showers in the summer months, they "turn on all of the showers at once to deplete the system of hot water." (*Id.*) Because many of the bathroom exhaust fans are broken, however, the humidity from the showers enters the inmates' cells. (*Id.*) Plaintiff alleges that the air "is contaminated with smoke, mold spores, and aerosolized sewage." (*Id.* ¶ 10.) Bayside does not have air conditioning, exposing inmates to excessive heat. (*Id.*)

Plaintiff further alleges that Bayside "has a wild geese problem in which there [are] feces all over [the] prison court yards." (*Id.* ¶ 21.) The geese feces are "regularly power washed," creating "a film like dust through-out the prison." (*Id.*) Inmates are prohibited from leaving their shoes outside of their cells, meaning they track goose feces into their cells. (*Id.* ¶¶ 22–23.) According to Plaintiff, this may cause potential viral infections. (*Id.* ¶¶ 24–25.)

Plaintiff seeks monetary and injunctive relief. (*Id.* at 7.)

---

[1] The Court construes the factual allegations of the Complaint as true for the purposes of this screening only.

## II.    <u>STANDARD OF REVIEW</u>

District courts must review complaints in civil actions in which a plaintiff is proceeding IFP, 28 U.S.C. § 1915(e)(2)(B), or seeks redress against a governmental employee or entity, 28 U.S.C. § 1915A(a). District courts may *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which the court may grant relief or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915(e)(2)(B), 1915A(b).

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) or 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, "accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (quotations and citations omitted).

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

III.    **DISCUSSION**

In the Complaint, Plaintiff alleges Lewis is liable to him under 42 U.S.C. § 1983 for violating his Eighth Amendment right to be free from cruel and unusual punishment. (*See generally* Compl.) A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to obtain relief under § 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989); *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Here, the Court construes Plaintiff's Complaint to allege claims for relief against Lewis as the Administrator of Bayside.

A.    **Failure to State a Claim**

i.    ***Supervisory Liability Claim***

Plaintiff alleges that Lewis, as Administrator of Bayside, is liable to Plaintiff. (*See* Compl.) Although Plaintiff names Lewis as a defendant, the Complaint raises no factual allegations against her. (*See generally id.*)

4

A plaintiff may establish supervisory liability under § 1983 by showing: (1) liability based on an establishment of policies, practices, or customs that directly caused the constitutional violation; or (2) personal liability based on the supervisor participating in the violation of the plaintiff's rights, directing others to violate the plaintiff's rights, or having knowledge of and acquiescing to a subordinate's conduct. *Doe v. N.J. Dep't of Corr.*, No. 14-5284, 2015 WL 3448233, at *9 (D.N.J. May 29, 2015). "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode*, 845 F.2d at 1207. "Only those defendants whose inactions or actions personally caused [Plaintiff's] injury may be held liable under § 1983." *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1147 (3d Cir. 1990). In other words, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode*, 845 F.2d at 1207.

To hold a supervisor liable "because his [or her] policies or practices led to" a violation of the plaintiff's constitutional rights, the plaintiff must identify "a specific policy or practice that the supervisor failed to employ" and show that: "(1) the existing policy or practice created an unreasonable risk of [a constitutional] injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133–34 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

Here, Plaintiff fails to state a plausible Eighth Amendment claim for relief against Lewis as a supervisor. The Complaint is devoid of any factual allegations against Lewis. (*See* Compl.) Plaintiff fails to allege facts showing that the alleged conditions at Bayside were the result of a policy or procedure. Plaintiff also fails to allege facts that would show Defendant personally participated in Plaintiff's conditions of confinement, directed prison staff's actions, or had

5

contemporaneous knowledge of the fact alleged. While Plaintiff alleges that he complained through the remedy system (*see id.* ¶ 5), that type of allegation—i.e., a claim that grievances were sent to a warden or other administrator—is generally insufficient to establish supervisory liability, absent a plausible allegation that the supervisor had contemporaneous knowledge of the incident and either directed or acquiesced in it. *See, e.g.*, *Folk v. Prime Care Med.*, 741 F. App'x 47, 51 (3d Cir. 2018) ("Although some of these defendants were apparently involved in responding to some of Folk's prison grievances, there are no allegations linking them to the underlying incidents and thus no basis for liability based on those later grievance reviews."); *Butler v. Penchishen*, No. 22-3252, 2022 WL 4473590, at \*4 (E.D. Pa. Sept. 26, 2022) ("To the extent Butler is attempting to connect any of the individual Defendants to these events based on his allegation that he either filed grievances or wrote them letters, such allegations are unclear and, in any event, would not establish the requisite personal involvement to establish liability."). In short, Plaintiff does not allege sufficient facts to allow this claim to proceed and his Complaint against Defendant Lewis is dismissed without prejudice. *See Iqbal*, 556 U.S. at 678.

## IV.    CONCLUSION

For the reasons set forth above, the Complaint application to proceed IFP (ECF Nos. 1-1, 1-2) is **GRANTED**. The Complaint (ECF No. 1) is **DISMISSED** *without prejudice*. The Court shall give Plaintiff thirty (30) days to file an amended complaint to cure the deficiencies discussed above. An appropriate Order follows.

Dated: 3/4/2026

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

6